## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SAMMY LEE CASEY-EL, WALTER TOLBERT, and GWEN THOMPSON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:22-CV-1225-AGF ) |
| CITY OF ST. LOUIS DEPARTMENT OF PUBLIC SAFETY, CIVILIAN OVERSIGHT BOARD, LOUISA LYLES, and ANTOINE MAY, | ) ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of an Application to Proceed in District Court Without Prepaying Fees or Costs that was completed and signed by plaintiff Sammy Lee Casey-El (also "Plaintiff"). The Court has considered the motion and the financial information provided therein, and has determined to grant it. Additionally, for the reasons explained below, the Court will dismiss this action without prejudice, and will deny as moot Plaintiff's motion to appoint counsel.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, *inter alia*, is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). A complaint fails to state a claim upon which relief may be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Invoking this Court's federal question jurisdiction, Plaintiff avers he brings the complaint pursuant to 42 U.S.C. § 1983 to redress violations of rights secured by the Fourth and Fourteenth Amendments. The caption of the complaint lists Plaintiff's name along with the names of two other individuals: Walter Tolbert, and Gwen Thompson. It appears Tolbert and Thompson signed the complaint, but neither of them paid the required filing fee, or filed an Application to Proceed in District Court Without Prepaying Fees or Costs.

2

It is apparent that Plaintiff intends to act as a class representative to represent Tolbert and Thompson's interests in this action, or at least to assert claims on their behalf. The caption of the complaint provides that "all [illegible] are on Social Security income," and asks this Court to "Certify as a class action please for all plaintiffs." (ECF No. 1 at 1). Additionally, the complaint clearly asserts claims on behalf of persons other than Plaintiff. It provides:

> On July 4, 2021, [two non-party officers] deprived us our rights that are secured to us under the Constitution and Laws of the U.S. We were illegally pulled over for stop et.. On July 19, 2021 we all got together and file[d] a complaint against officers. We were all assigned "*Louisa Lyles*," who never contacted us concerning the investigations of our allegations against both officers. On July 20, 2021, we received COB-21-0068. "*Louisa Lyles*" and "*Antoine May*" both . . . deprived us of our rights . . . when they both failed under the due process and equal protection clause to the legal entitlement to our liberty interest to have this matter investigated, mediated and we never ultimately received the COB Findings, in which she said that we "Will" . . . Findings. Not one of us receive [*sic*] their findings. They both were acting individually in a[n] official capacity under the color law when they deprived us of this entitlement to our property and liberty interest to their find[ing].

*Id.* at 5 (emphases in original).

Provided with the complaint is a copy of a July 20, 2021 letter from Louisa Lyles to Walter Tolbert. In the letter, Lyles acknowledges receipt of a complaint directed to the City of St. Louis Department of Public Safety Civilian Oversight Board, identifies herself as the assigned investigator, describes the investigation process, and instructs Tolbert to contact her for initial instructions about how to begin the investigation. As relief, the complaint seeks $120,000 in damages, a declaration "[t]hat Louisa Lyles and Antoine May failed its investigation concerning officers misconduct," and a declaration "that one or both defendants failed to ensure us and or failed to enforce its o[w]n policy that grants us due process protection to being entitle[d] to receive[] the board findings." *Id.*

**Discussion**

3

It is apparent that Plaintiff filed this action to bring claims on behalf of himself, Tolbert, and Thompson. However, Plaintiff lacks standing to bring claims on behalf of others, and he offers no basis to conclude he is a licensed attorney. Only a licensed attorney may represent another party in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). Plaintiff also asks this Court to certify this action as a class action. While there is no proposed class description, it seems the proposed class would consist of Plaintiff, Tolbert, and Thompson, with Plaintiff acting as class representative. However, it is well established that non-attorney pro se plaintiffs cannot adequately represent a class. *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ) ("[N]on-attorneys proceeding pro se cannot adequately represent a class.") *See Perkins v. Holder*, 2014 WL 755378, at *5 (D. Minn. Feb. 26, 2014), aff'd (Dec. 9, 2014) (Pro se litigants cannot represent the rights, claims and interests of other parties in a class action lawsuit). Therefore, to the extent Plaintiff seeks to assert claims on behalf of anyone other than himself, this action is subject to dismissal.

The complaint is also subject to dismissal because it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, however, there are no non-conclusory allegations that any individual's federally-protected rights were violated during the July 4, 2021 stop or at any time, nor is there any basis to infer that any defendant failed to investigate for any impermissible reason. Despite the allegations in the complaint, there is no federally-protected right to an investigation

4

upon demand. *See Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation"); *see also Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Therefore, for all of the foregoing reasons, the Court will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Sammy Lee Casey-El's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff Sammy Lee Casey-El's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of November, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE